IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

TRINA STOKES,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )        Case No. 14-6005-CV-SJ-ODS
                                       )
CAROLYN W. COLVIN,                     )
Acting Commissioner of Social Security, )
                                       )
                    Defendant.         )

**ORDER AND OPINION AFFIRMING**
**COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits under Title II. The Commissioner's decision is affirmed.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

I.

At the second step of the five-step sequential analysis, the ALJ found Plaintiff suffered from the following severe impairments: chronic pain syndrome, degenerative

disc disease, status post back surgery, mild protruding disc, and obesity.  Plaintiff contends the ALJ erred in failing to find anxiety as an additional severe impairment.

An impairment is severe and thus satisfies Step Two if it imposes more than a minimal effect on the claimant's ability to work.  While there is medical evidence documenting Plaintiff suffers from anxiety, a diagnosis alone will not automatically render the condition "severe."  E.g., Buckner v. Astrue, 646 F.3d 549, 557 (8th Cir. 2011).  Impairments that are controlled by medication do not support a finding of disability, and the Eighth Circuit has approved an ALJ's determination that a medical condition that can be controlled need not be considered "severe" at Step Two.  E.g., Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

Here, the ALJ determined Plaintiff's anxiety is controlled with medication.  R .at 15.  Plaintiff disputes this finding; she concedes she testified that medication controlled her anxiety "fairly well" but that she also testified she suffers from at least twenty anxiety attacks per month.  Resolving this inconsistency in Plaintiff's testimony is a matter for the ALJ, not the Court.  In resolving this inconsistency the ALJ relied on Plaintiff's medical records, which documented few mental health issues after she was prescribed medication, and included a note in her medical file observing that Plaintiff's anxiety was controlled.  The Record contains substantial evidence to support the ALJ's conclusion that Plaintiff's anxiety is not severe.

II.

Plaintiff next contends the ALJ erred in failing to accord substantial or controlling deference to Dr. Thomas Holda's medical source statements.  A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record.  E.g., Anderson v. Astrue, 696 F.3d 790, 793-094 (8th Cir. 2012); Halverson v. Astrue, 600 F.3d 922, 929-30 (8th Cir. 2010); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996).

Dr. Holda provided two medical source statements: one on May 5, 2011 and one on June 12, 2012.  The ALJ discounted these statements after observing "Dr. Holda's opinions are not consistent with his essentially normal examination findings on the same

2

dates.  Dr. Holda's opinions also are not supported by the specialist opinions of two neurosurgeons, Gregory Bedynek, D.O., and William Dodson, M.D."  R. at 21 (citations omitted).  The ALJ also noted Dr. Bedynek's and Dr. Dodson's opinions were further supported by their consistency with each other and "by claimant's relatively mild MRI findings."  R. at 21.  Later, the ALJ identified numerous inconsistencies between Plaintiff's allegations (and the conditions reflected in Dr. Holda's two statements) and other evidence in the Record, including: Plaintiff's medical records, the results of her back surgery in June 2012, statements Plaintiff made to her doctors, Plaintiff's failure to follow doctors' instructions, and Plaintiff's daily activities (including attending school and working twenty-five hours a week providing home health care services to her mother-in-law).  R. at 19-21.

Plaintiff does not address many of these issues.  She focuses her effort on arguing that (1) Drs. Bedynek and Dodson should not have been accorded much weight because they offered their opinions before Plaintiff underwent a discogram and (2) Dr. Holda's notes contained some indications supportive of his medical source statements. These are plausible interpretations of the facts, and as such these arguments are properly presented to the factfinder – which is the ALJ.  The Court is not empowered to reweigh the facts.  The factors mentioned in the preceding paragraph provided ample support for the ALJ's conclusion that Dr. Holda's medical source statements were contrary to the weight of the evidence in the Record.  The Court's review of the Record reveals substantial evidence to support the ALJ's decision to not afford Dr. Holda's opinion controlling weight.

III.


The Commissioner's final decision is affirmed.


IT IS SO ORDERED.


                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 22, 2014                  UNITED STATES DISTRICT COURT

3